## J. H. Vosburg, Mayor, et al. v. W. D. McCrary.

### No. 7516.

1. **Contest of Election of City Marshal.**—The statute (Rev. Stats., art. 367) prescribing the duties and powers of a city council declares that it shall "be the judge of the election and qualification of its own members." The mayor and aldermen compose a city council. While the marshal is an officer of the city, he is not a member of the council.

2. **Same.**—This power, which is all the grant of power on the subject, does not confer upon the city council the power to hear and determine a contest of an election for the city marshalship; nor does it include the power to enact ordinances for such purpose.

3. **Power of City Council.**—The power of a municipal corporation or of a city council can not exceed that conferred by the city charter, and all ordinances must be subordinate thereto.

4. **Mandamus.**—Mandamus refused when asked by a contestant for the city marshalship against the city council refusing to hear the contest, the city being incorporated under the general laws of the State.

Appeal from Johnson. Tried below before Hon. J. M. Hall.

The opinion states the case.

*Crane & Ramsey* and *W. D. McKay*, for appellants. — 1. The city of Cleburne having been incorporated under the general law, had no authority to pass any ordinance or do any act not expressly authorized thereby or fairly implied in or indispensable to the powers granted. Williams v. Davidson, 43 Texas, 34; City of Bryan v. Page, 51 Texas, 532; Ex Parte Grace, 9 Texas Ct. App., 384; Pye v. Peterson, 45 Texas, 312; Anderson v. Willington, 40 Kans., 173; Brennyerd v. Belveden, 44 N. J. L., 360; Dill. on Mun. Corp., 89; 4 Myer's Fed. Dig., sec. 1669.

2.    The city of Cleburne being incorporated under the general law, its council had no authority to judge of the election of a city marshal in any way or from any evidence other than the returns of the election made by the officers thereof.   Rev. Stats., arts. 347, 349; Lewis v. Marshall County, 16 Kans., 102; Hadley v. Mayor, 33 N. Y., 603.

*Poindexter & Padelford* and *Bledsoe, Patton & Brown,* for appellee.
1.   It is competent for a city council acting under a charter making them the judges of the election and qualification of their own members to provide by ordinance for contesting the election of city officers and to make the council the tribunal for the trial of same.   The city of Cleburne having been incorporated as a city under the general laws of this State, had authority to provide by ordinance for contesting the election of all city officers and to make the common council of said city the tribunal for the trial of such contest; and the council of the city of Cleburne having passed such an ordinance, the defendants, forming the common council of Cleburne, had authority and it was their duty as such council to have heard said contest between plaintiff and J. H. Keith for the office of city marshal, and the court below did not err in so holding.   Rev. Stats., arts. 342, 418, 369, 347; Ex Parte Strahl, 16 Ia., 374–377; 1 Dill. on Mun. Corp., sec. 316.
2.   The eligibility to office and the contest of the apparent result of an election being questions of a political character which the law making power may refer to other tribunals than constitutional courts, the city council being the governing political head of the city of Cleburne was vested by the general laws of the State of Texas with the power to enact an ordinance providing for the contest of an election held in said city and to make itself the tribunal to try said contest.   Seay v. Hunt, 55 Texas, 545.
3.   The right to pass an ordinance providing a means by which the will of the people in reference to who should hold the offices of a municipality shall be ascertained, and to prevent persons disqualified from holding such offices or not legally elected to the same from exercising the powers and usurping the prerogatives of said offices is a power inherent in all governing bodies, absolutely necessary for the perpetuation of its existence; and the city council of the city of Cleburne, under the broad grant of powers given to it by the Legislature of Texas, had the power to pass an ordinance providing for the mode and manner of contesting a municipal election and was invested with the power itself to hear such contest.
4.   There is a clear and marked distinction between the powers and duties of a canvassing board and a tribunal to decide a contested election, and the two are separate and distinct.   A city council when acting as a canvassing board has only the power to inspect the returns, cast up the votes, and enter same in tabular form on the journal; but when sitting and acting as a tribunal for trying an election contest they have the power to go behind the returns and pass upon the validity of the election.   Their

functions are separate, and though the duties of both may be performed by the same parties, still in each case they act in different capacities and are as if performed by different parties.   The defendants as the council of the city of Cleburne, when they received the returns of said election and cast up the votes, etc., and declared who was elected, were acting merely as a canvassing board and their acts were altogether ministerial; but after plaintiff had made his protest and had given notice of his contest to said J. H. Keith, and he had replied thereto and same had been filed with defendants as such council, then it was their duty to have sat as a special tribunal for the purpose of hearing and deciding said election contest, and they should have decided it; and the court below did not err in so holding.   State v. Rahway, 33 N. J. L., 112–114; 6 Am. and Eng. Encyc. of Law, p. 310, sec. 8, notes 1, 2.

5.   When an inferior tribunal or board has authority and it is its duty to render a decision upon a matter properly brought before it or to perform some act, and such tribunal refuses to take jurisdiction of such matter and decide same, or said board refuses to act, mandamus is the proper remedy to compel such tribunal to take jurisdiction and decide said matter and to force said board to act.   The defendants, as the common council of Cleburne, having refused to proceed and hear said election contest for the reason that they claimed that they had no jurisdiction so to do, the matter having been properly brought before said council, the court below had the power by mandamus to compel said defendants as such council to proceed and hear said contest.   Schultze v. McLeary, 73 Texas, 92; Railway v. Wiswall, 23 Wall., 507; State v. Rahway, 33 N. J. L., 112–114.

STAYTON, Chief Justice.—The city of Cleburne was incorporated under the general law in force in this State, and this is a proceeding instituted in the District Court by W. D. McCrary to compel the mayor and aldermen of the city to hear and determine the contest of an election between himself and J. H. Keith for the office of city marshal.

It is alleged that the officers at the several voting places in the city made their returns of the election as required by law, and that these were canvassed by the city council, the votes returned properly counted, and that these showed that Keith was elected city marshal, whereupon he was declared by the council to be elected.

McCrary, however, alleges that the officers of election in ward No. 2 wrongfully refused to permit some thirty-eight duly qualified electors to vote at the election, thirty-three of whom if permitted to vote would have voted for him, and that six persons not qualified voters were permitted to vote for his opponent.   On account of these things McCrary sought to contest the election before the city council, and it is not denied that he

took the necessary steps to do this if the city council had jurisdiction to hear and determine the contest.

At the time the election was held and the effort to contest made the following ordinances are claimed to have been in force, and to have conferred on the council power to hear and determine the contested election:

" The election of any city officer may be contested by an elector of this city, and the proceedings shall be substantially in accordance with the general laws of the State regulating the mode of contesting the election of county officers. But the city council shall be the tribunal before which contests shall be tried, the decision of which shall in all cases be final."

"Any person intending to contest the election of any city officer shall within five days after the return day give him notice thereof in writing and deliver to him, his agent, or attorney a written statement of the ground on which he relies to such contest, and the person whose election is contested shall within five days after receiving such notice and statement deliver to the said contestant his reply to said statement."

After the necessary steps had been taken to entitle appellee to a hearing if the city council had jurisdiction to hear and determine the contest, the parties appeared before the council, which then made an inquiry as to its jurisdiction, and determined that it had no lawful power to hear and determine the controverted questions.

After this ruling McCrary filed in the District Court his petition in this case, the purpose of which is to obtain a writ of mandamus to compel the city council to hear and determine the contest made by him. The court below held that the city council had jurisdiction, and awarded the writ commanding it to hear and determine the contest. From that judgment this appeal is prosecuted.

The statute prescribing the duties and powers of a city council declares that it shall "be the judge of the election and qualification of its own members." Rev. Stats., art. 367.

Mayor and aldermen compose a city council; and while a city marshal is an officer of the corporation, he is not a member of the city council. Rev. Stats., arts. 368, 355.

The law above quoted is the only one which in terms confers on a city council any power to pass on the validity of an election and to determine the right of any person to a city office, except as such a power is to some extent involved in the canvassing of the votes returned by officers of election and declaration of the result.

The power involved in the act of judging of the election and qualification of its own members is one in nature different to that which it exercises when canvassing returns and declaring results.

The statute quoted not giving the power which it is claimed the city council possesses and ought to exercise, and there being no other statute upon the subject, the inference is that the Legislature thus conferred on city

councils all the power of this character which it was intended they should exercise. It is claimed, however, that such a power was conferred on the city council by articles 342 and 418 of Revised Statutes.

The first of these declares that municipal corporations "may ordain and establish such acts, laws, regulations, and ordinances not inconsistent with the Constitution and laws of this State as may be needful for the government, interest, welfare, and good order of said body politic."

The last declares that "the city council shall have power to pass, publish, amend, or repeal all ordinances, rules, and police regulations not contrary to the Constitution of this State, for the good government, peace, and order of the city and the trade and commerce thereof, *that may be necessary or proper to carry into effect the powers vested by this title in the corporation,* the city government, or in any department or officer thereof."

The power of a municipal corporation or of a city council can not exceed that conferred by the charter, and all ordinances must be in subordination thereto. Ordinances when authorized by the charter are but municipal laws, intended to regulate and provide for the orderly exercise of powers conferred by the charter.

The statutes providing for the incorporation of cities and towns and declaring what powers may be exercised by them are very full, but declare with great particularity what powers they have, and when in reference to a given power its extent is thus declared we must presume that it was not intended that it should be exercised in a case other than that provided for.

The fact that city councils are made the judges only of the election and qualification of their own members precludes the holding that they were made the judges of the election of other officers, or that it was intended to give them through the power to pass ordinances for the general welfare the power to acquire jurisdiction over contested elections of officers other than members of the city council.

Power not having been conferred on the city council to hear and determine the contest appellee desires to make, the court below erred in commanding it to do an act that would be without effect, and its judgment will be reversed and the cause dismissed.

*Reversed and dismissed.*

Delivered June 6, 1890.